IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MONICA J. MARTINEZ,<br><br>    Defendant. | Case No. 3:04-cr-0079-RRB<br><br>ORDER DIRECTING<br>SERVICE AND RESPONSE |

On February 2, 2006, Monica J. Martinez, representing himself, filed a timely

motion to set aside, vacate or correct sentence under 28 U.S.C. § 2255, alleging

that her conviction was obtained through the ineffective assistance of counsel and

a coerced confession.[1]

Under Rules 4, 5 and 8(b) of the Rules Governing Section 2255 Proceedings

for the United States District Courts, **IT IS HEREBY ORDERED that:**

1.    The Clerk of Court is directed serve a copy of the § 2255 motion, at docket

    number 442, and a copy of this Order, on the United States Attorney for the

    District of Alaska.

---

    [1]  *See* Docket No. 442.

2.    The Criminal Justice Act (CJA)[2] authorizes this Court to appoint an attorney

for a *habeas* petitioner who cannot afford her own attorney. Ms. Martinez's

application for appointment of counsel[3] is therefore GRANTED.  The Federal

Public Defender for the District of Alaska will designate counsel from the CJA

Panel or the Federal Public Defender's office to represent Ms. Martinez in this

case.  Once designated, counsel for Ms. Martinez will immediately file a notice

of appearance.

3.    Counsel for Ms. Martinez shall review the record, confer with her, and file any

amended § 2255 motion on or before **April 3, 2006.**  In the alternative,

counsel will file a notice that no amended motion will be filed.

4.    The United States Attorney will file an answer or other responsive pleading on

or before **May 3, 2006**.  The answer will respond to the allegations of the

motion, and in addition, state whether Ms. Martinez has used any other

available federal remedies, including any prior post-conviction motions under

these rules, to address the issues presented.[4]  The United States Attorney

must also supplement the answer or response with appropriate copies of

transcripts, affidavits and a memorandum of points and authorities material to

the issues raised.

---

[2]  *See* 18 U.S.C. § 3006, *et. seq.*

[3]  *See* Docket Nos. 443, 444.

[4]  *See* Rule 5, Rules Governing Section 2255 Proceedings.

5.    The Court may hold an evidentiary hearing on its own motion, or on the motion of a party.  Either party may make a motion for an evidentiary hearing within 30 days after the date the United States Attorney files an answer.  The motion must contain a clear and concise statement of the necessity of the hearing, including why the evidence in the record is not sufficient.[5]

6.    This case is referred to Magistrate Judge Roberts to hear and decide all procedural or discovery motions and other pre-trial matters, and to give the Court his report and recommendation, under Local Magistrate Rule 4(5).

7.    No party may have any *ex parte* communication (that is, communication without the presence and/or knowledge and consent of the other parties) with a United States District Judge or Magistrate Judge of this Court about the merits of this action.

DATED this 1st day of March, 2006, at Anchorage, Alaska.

/S/RALPH R. BEISTLINE
United States District Judge

---

[5]  *See* D. Ak. HCR 8.1.