DEBORAH M. SMITH
Acting United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA， ) | No. 3:04-cr-0079-RRB |
| ) | |
| Plaintiff， ) | **OPPOSITION TO** |
| ) | **DEFENDANT'S MOTION FOR** |
| v. ) | **RELIEF PURSUANT TO 28** |
| ) | **U.S.C. § 2255** |
| MONICA MARTINEZ， ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I.   INTRODUCTION

On February 6, 2006, the defendant, Monica Martinez filed a motion pursuant

to 28 U.S.C. § 2255 to vacate her conviction and sentence.   She alleged that her prior

counsel, William F. Dewey, had rendered ineffective assistance of counsel while advising her during plea negotiations with the United States that ultimately resulted in her entering into a plea agreement and eventually pleading guilty to a charge of money laundering. Martinez signed the motion swearing under the penalties of perjury that her statements were true and correct.

On May 19, 2006, this Court held a hearing to determine the status of Martinez's motion. At that hearing, this Court ordered Martinez to file by June 18, 2006 either an amended 28 U.S.C. § 2255 motion or give notice that she would not be filing an amended motion. At that hearing, Mark A. Rosenbaum appeared in behalf of Martinez and subsequently filed his notice of appearance in her behalf on May 21, 2006.

On July 5, 2006, Mr. Rosenbaum submitted a modified copy of AO form 243 in behalf of Martinez entitled "Amended Motion." The amended motion presents two grounds that are related to the claims Martinez submitted in her original motion. The first alleges "[t]he record of petitioner's plea of guilty is inadequate to establish that the plea was voluntarily made, and in fact, was not voluntarily made due to a combination of clinical depression and defense counsel's insistence on such a plea." The second ground alleges "petitioner did not receive effective assistance of counsel

in conjunction with her change of plea, in that (1) her mental condition was never adequately investigated or assessed; and (2) counsel placed himself in a position where he was unable to view or personally assess his client's mental state." Martinez, however, did not submit a sworn affidavit alleging facts that supported the grounds set forth in the amended motion.

## II.  28 U.S.C. § 2255 PROCEDURAL INFORMATION

On April 18, 2005, Martinez pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1956.  On July 7, 2005, this Court sentenced Martinez to a term of five years probation.  Martinez's term of probation is scheduled to end on July 7, 2010.  On February 6, 2006, Martinez filed a motion pursuant to 28 U.S.C. § 2255 to vacate her conviction, alleging she received ineffective assistance of counsel from her trial counsel, William F. Dewey.  Because Martinez was still subject to the term of probation at the time she filed her motion, she is eligible to seek relief pursuant to 28 U.S.C. § 2255.  *United States v. Spawr Optical Research Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988).  On July 5, 2006, Martinez filed an amended motion for relief under 28 U.S.C. § 2255.  Because Martinez filed her motions within the one year statute of limitations contained in 28 U.S.C. § 2255, the claims filed in her

motion is still timely.  To the knowledge of the United States, this is the first 28

U.S.C. § 2255 motion Martinez has filed.

## III.  FACTS IN THE RECORD

Martinez was originally charged by indictment in this matter on October 19,

2004, with being a part of a drug trafficking conspiracy, in violation of 21 U.S.C.

§ 846, and with three counts of money laundering, in violation of 18 U.S.C. § 1956.

The United States arrested Martinez in Las Vegas, Nevada and when she traveled to

Anchorage, Alaska on November 2, 2004, for arraignment this Court appointed

William F. Dewey, an attorney in Anchorage, to represent her in this matter. [Docket

# 257].  At the same hearing, this Court adopted the  conditions of release originally

imposed in the United States Court, District of Nevada. [Id; Docket # 259.]  Martinez

thereafter returned to Las Vegas on her accord.

During the period before trial, Martinez appeared either by telephone during

proceedings and or appeared in person as she chose.  [ See Dockets # 286, 308, 310].

After Martinez unsuccessfully moved to dismiss the indictment, she negotiated a plea

agreement with the United States, pursuant to which she agreed to plead guilty to one

count of money laundering in exchange for the United States's agreement to dismiss

the remaining charges that pertained to her.  On April 8, 2005, Martinez filed her notice of intent to change plea, in which she also requested that as an alternative to transporting her to Anchorage for her change of plea, she be permitted to appear telephonically. [Docket # 331].  On April 12, 2005, Martinez's signed plea agreement was filed with the Court.

In her plea agreement, Martinez stated that she understood she would be breaching the plea agreement if she provided false or perjurious information or testimony to the United States Probation Office or the United States District Court. [Docket # 338, at p. 3].  She stated that she was satisfied with Dewey's representation of her, that she and Dewey had discussed all possible defenses to the charges to which she was pleading guilty, that Dewey had investigated her case and followed up on any information or issues she had raised with him to her satisfaction. [Id. at p. 10.]  She admitted the truth of the facts supporting her plea. [Id. at pp. 10-11].  She stated that if Dewey had done anything or said anything other than what was stated in her plea agreement, she would inform the Court at the time she change her plea.  [Id. at p. 14.] She further stated that she knew of no reason why the Court should find her incompetent to change her plea. [Id]   Dewey further signed the plea agreement stating that he too had no reason to doubt Martinez's competency to knowingly and

voluntarily enter into the agreement or to change her plea and that he knew of no reason to question Martinez's competency. [Id. at p. 15].

Part of her agreement included a waiver of her right to appeal her conviction and sentence, as well as her right to collaterally attack her conviction and sentence. [Id. pp. 6-7]. Martinez's collateral attack waiver contained the following language:

> The only exceptions to this collateral attack waiver are as follows:  1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- *based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence*; and 2) a challenge to the voluntariness of my guilty plea(s). [Emphasis added] [Docket #338]

Because she had waived her right to be physically present in court at the time of her change of plea, this Court granted Martinez's request to appear by telephone at her change of plea hearing.  At the change of plea hearing held on April 18, 2005, Martinez was present on the telephone.  Dewey was also present in the courtroom. Before proceeding with the change of plea hearing, this Court addressed Martinez about her waiver of being physically present in the courtroom.  This Court reaffirmed on the record  that Martinez knew she had the right to be physically in the courtroom

and that she was agreeing to participate by telephone. [Trans. PCOP pp. 3-4] During

the subsequent plea colloquy, this Court began by receiving Martinez's personal

assurance that she wanted to plead guilty to the money laundering charge and her

sworn statements that she understood the nature and elements of the money

laundering charge, the potential maximum penalties and fines she could receive, the

applicability of the United States Sentencing Guidelines, the consequences of

pleading guilty to a felony offense, her right to counsel, the trial rights she would be

waiving if she pleaded guilty, as well as the portion of her plea agreement that

covered her appellate and collateral attack waivers. [Trans. PCOP pp. 6-17]. The

Court specifically personally addressed Martinez about her mental condition at the

time she was proposing to change her plea; Martinez under oath stated that she was

mentally fit and had no history of mental conditions. [Id. p. 7] . The Court asked

Martinez if she had read and signed her plea agreement and if she expected to be

bound by it; to which, she responded that she had and that she did. [Id. 10-11 pp.

7-8]. The Court asked Martinez if she had discussed the charges against her with

Dewey and if she was satisfied with Dewey's representation of her; to both questions

she responded "yes." [Id. p. 10]. The Court specifically asked Martinez if there had

been any threats to coerce or forced to her enter into the plea agreement or enter a

guilty plea; to which Martinez emphatically stated, "No, there has not under oath." [Id. p. 11]. When the Court asked if she was freely and voluntarily entering into the plea agreement and agreeing to plead guilty, Martinez stated "That's correct." [Id. p. 12]. Martinez then admitted the facts in support of her plea. [Id. pp. 17-18]. Before the Court accepted Martinez's guilty plea, the Court found that she was knowingly and voluntarily changing her plea and that she was in control of her faculties before pleading guilty. [Id. p. 18]. At no time during the proceeding did Martinez express any difficulty understanding the nature of the proceeding or hearing anything this Court said or asked of her.

After Martinez's change of plea, the United States Probation Office interviewed her. During that interview, Martinez reported that she was not at the time under the care of any physician, not taking any medications, had no history of mental or emotional problems, and had no history of receiving any treatment for any such problems. [Pre-sentence Report p. 10 ¶s 61 and 62.] Although she did not report suffering from any mental or emotional problems, she did report that her mother had been clinically diagnosed as being bi-polar. [Id.]

On July 6, 2006, Martinez appeared in person before this Court for sentencing. At no time during that proceeding did Martinez complain about the representation

Dewey had rendered, nor did she complain that this Court had not been given any information that she thought this Court needed to know about regarding either her change of plea, Dewey's representation, or the sentence this Court should impose. This Court ultimately imposed the sentence the parties had agreed to in Martinez's plea agreement. Martinez did not appeal her conviction or sentence.

## IV.  MARTINEZ WAIVED HER RIGHT TO COLLATERALLY ATTACK HER SENTENCE

As part her plea agreement, Martinez agreed to waive her right to collatorally attack her sentence.  The only exceptions she reserved to this waiver were claims based on an allegation of ineffective assistance of counsel for reasons of which she was unaware at the time she entered into the agreement and based on a claim that her plea was involuntary.  A collateral attack waiver is enforceable if it was knowingly and voluntarily agreed to as part of a plea agreement. *Untied States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990)*; United States v. Jeronimo*, 398 F.3d 1149, 1153  (9th Cir. 2005).  A valid collateral attack waiver deprives the district court of jurisdiction over the collateral attack motion. *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005).

The uncontradicted record in this matter establishes that Martinez swore to this Court that she was mentally fit to enter into her plea agreement and to enter her guilty plea, that she was agreeing to plead guilty knowingly and voluntarily, and that no one forced or coerced her into agreeing to plead guilty. Furthermore, the uncontradicted record establishes this Court fulfilled the requirements of Fed. R. Crim. P. 11 by personally addressing Martinez during her change of plea colloquy and that this Court covered all of the requirements contained in Fed. R. Crim. P. 11(b) during the colloquy before it accepted her plea. Martinez does not allege it was not she who participated by telephone during the change of plea hearing. No where has Martinez alleged that she did not knowingly and voluntarily agree to participate in her change of plea hearing by telephone or to waive her right to be physically present in the courtroom. The uncontradicted record establishes that she knowingly and voluntarily agreed to be present by telephone  and that she had the advice of counsel when she made that decision.  She does not claim her decision to be present by telephone at her change of plea was the result of ineffective assistance of counsel. Thus, Martinez's collateral attack waiver precludes her  from pursing this motion.

## V. GENERAL RULES OF § 2255 JURISDICTION AND PROCEDURAL DEFAULT

Generally, 28 U.S.C. § 2255 does not apply to any possible claim or attack that could be made on an underlying conviction or sentence. The statute is intended to reach only issues of jurisdictional or constitutional magnitude. *See United States v. Knockum*, 881 F.2d 730, 732 (9th Cir. 1989). The courts have long held that "a collateral challenge may not do service for an appeal." *United States v. Frady,* 456 U.S. 152, 165 (1982).

In *Frady*, the Supreme Court held that in order to obtain collateral relief based on trial errors which were not objected to at trial or on direct appeal, "a convicted defendant must show both 1) 'cause' excusing his double procedural default, and 2) 'actual prejudice' resulting from the errors of which he complains. *Id.* at 168; *accord United States v. Dunham*, 767 F.2d 1395 (9th Cir.1985) ("where a criminal defendant fails to make allegations of error at trial or on direct appeal he must demonstrate" cause and prejudice). This procedural default rule exists, in part, because 28 U.S.C. § 2255 "is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal." *Dunham*, at 1397. As the Supreme Court noted in the *United States v. Addonizio*, 99 S. Ct. 2234,2239(1979), "[i]t has, of course,

been long settled law that an error that may justify reversal on direct appeal will

not necessarily support a collateral attack on final judgment. The reasons for

narrowly limiting the grounds for collateral attack on final judgments are well

known and basic to our adversary system of justice" Thus, most non-

constitutional violations of federal law are not cognizable on collateral review.

*See, e.g., Addonizio*, 442 U.S. at 186 (institution of parole guidelines); *United*

*States v. Anderson*, 987 F.2d 251, 259-260 (5th Cir.)(erroneous jury instruction),

*cert. denied,* 510 U.S. 853 (1993); *United States v. Lanier*, 205 F.3d 958, 966 (7th

Cir. 2000) (erroneous jury instruction); *Fiumara v. United States,* 727 F.2d 209,

213 (2d Cir.)(wiretapping violation), *cert. denied,* 466 U.S. 951 (1984).

    Where a defendant could have raised a claim of error on direct appeal but

fails to do so, she must demonstrate the cause excusing her procedural default, and

**actual** prejudice resulting from the claimed error. *See Bousley v. United States*,

523 U.S. 614, 622, (1998); *Frady,* 456 U.S. at 170.   "[A]tual prejudice" requires

more than the mere possibility of prejudice: it requires a showing that the alleged

error "worked to[defendant's] actual and substantial disadvantage." *Frady* at 170.

    To meet the cause standard of cause and prejudice, the defendant must

show: "some objective factor external to the defense impeded counsel's effort to

raise the claim." *Clark v. Lewis*, 1 F.3d 814, 820 (9th Cir. 1993), quoting

*McCleskey v. Zant,* 111 U.S. 1454, 1470 (1991).  Thus, if the petitioner possessed

or by reasonable means could have obtained, a sufficient basis to allege the claim

on an appeal, she has not alleged cause.  Omission of the claim will not be excused

because evidence discovered later may have supported or strengthened the claim.

*See, McCleskey*, 111 U.S. at 1472. "A different factual basis or argument asserted

to support the same legal theory advanced previously does not constitute a new

ground for relief."   *Clark* 1 F.3d  822 *citing Campbell* at 516.  Similarly, a claim

that the legal basis for defendant's claim was not reasonably available to counsel

at the time of the appeal, is not sufficient cause as was clearly pointed out in the

Supreme Court decisions such as *Bousley v. United States*, 523 U.S. 614, 622,

(1998).

    In *Bousley* the court held that defendant's failure to raise a claim under the

Supreme Court's recent decision in *Bailey v. United States*, 116 U.S. 501 (1995)

did not establish the cause element of the cause of prejudice standard even though

the case had not been decided at the time of defendant's direct appeal.  The Court

noted: "futility cannot constitute cause if it means simply that a claim was

'unacceptable to that particular court at that particular time.'" Id at 1611 quoting

*Engle v. Isaac*, 102 S. Ct. 1558 (1982).

A defendant can avoid the cause and prejudice bar only if she can demonstrate that "a miscarriage of justice" would occur absent or review on the merits.  This exception, however, only applies to remedy a procedural error of constitutional proportion that has probably resulted in the conviction of an innocent person.  The exception is only available when the defendant; "supplements his constitutional claim with a colorful showing of factual innocence".  *Coley v. Gonzales*, 55 F.3d 1385, 1387 (9th Cir. 1995); *see also United States v. Benboe*, 157 F.3d 1181, 1183) (9th Cir.1998).

A defendant can proceed with a motion under 28 U.S.C. § 2255 for claims not previously raised by claiming ineffective assistance of counsel. Claims based on ineffective assistance of counsel are subject to analysis  under the two-prong test  established in *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* test requires that the defendant must not only show that counsel's representation was deficient but also that counsel's representation  prejudiced her cause.  *Id.* at 693.  The defendant bears the burden of demonstrating that counsel's performance was "so deficient that it fell below an objective standard of

reasonableness." *Silva v. Woodford*, 279 F.3d 825, 836 (9th Cir. 2002) (quoting

*Strickland*, 466 U.S. at 688). "Judicial scrutiny of a counsel's performance must be

highly deferential," and "every effort [must] be made to eliminate the distorting

effects of hindsight, to reconstruct the circumstances of counsel's challenged

conduct, and to evaluate the conduct from counsel's perspective at the time."

*Strickland*, 466 U.S. at 689.   The defendant must overcome the "strong

presumption that counsel's conduct falls within the wide range of reasonable

professional assistance." *Id.; see also Murtishaw v. Woodford,* 255 F.3d 926, 939

(9th Cir. 2001) (Defendant "bears the heavy burden of proving that counsel's

assistance was neither reasonable nor the result of sound trial strategy.")

        To establish prejudice, the defendant must demonstrate that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of

the proceedings would have been different." *Strickland,* at 694.   Or, in other

words, as relates to this matter, but for Dewey's deficient performance, this Court

would not have accepted Martinez's guilty plea.   A reasonable probability is one

"sufficient to undermine confidence in the outcome." *Id.*  However, "[i]t is not

enough for the defendant] to show that the errors had some conceivable effect on

the outcome of the proceeding.  Virtually every act or omission of counsel would

meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* at 693. Thus, the question is whether Martinez has presented a colorable claim of deficient performance that prejudiced the outcome of her change of plea proceeding. As the Supreme Court has counseled,

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness of counsel claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Strickland* at 697.

## VI.  DISCUSSION

In the present case, Martinez asserts this Court should not have accepted her guilty plea because Dewey neglected to inform this Court of "significant facts" of her "severe mental condition."  In her unsworn amended motion, Martinez

implies the "significant facts" were that Dewey insisted that she plead guilty and that her "severe mental condition" was clinical depression.  Martinez has submitted no affidavits supporting these factual allegations.  Martinez furthermore has failed to address why procedural default bars her motion because she did not appeal her conviction on the ground that her plea was involuntary or that this Court failed to comply with Fed. R. Crim. P. 11 by accepting her waiver to be physically present in the court room.

Martinez has not shown cause or resulting prejudice thereby excusing her decision not to appeal this Court's decision to grant her request to be present by telephone at her change of plea or to accept her recorded waiver to be physically present during the change of plea.  Perhaps, Martinez recognizes that she would not have succeeded on pursuing this issue on appeal because she invited the error.  An error is waived and unreviewable on appeal when the defendant herself invited the error and affirmatively relinquished or abandoned a known right.  *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997).  Furthermore, Martinez has failed to show prejudice arising from her waiver to be physically present in the court room during her change of plea.  That is, she has failed to show that if she had been physically present in the courtroom, this Court would have found

Martinez's body contradicted the veracity of her sworn statements.  When a

defendant is absent during the course of a trial court proceeding, the appellate

courts review whether the defendant's absence resulted in prejudice to the

defendant's case.  *United States v. Kupau,* 781 F.2d 740, 743 (9th Cir. 1986).  A

defendant may waive her right to present during a trial court proceeding. *United

States v. Gagnon*, 470 U.S. 522, 527-30 (1985).  Furthermore, a defendant's own

sworn contemporaneous statements giving during the course of changing her plea

carry substantial weight is assessing the voluntariness of her guilty plea.  *United

States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991).  Despite Martinez's argument,

the record in this matter adequately sets forth sufficient facts to assess the knowing

and voluntary basis for her change of plea.  Even with the assistance of counsel in

filing her amended motion, Martinez notably has not alleged her waiver was the

result of ineffective assistance of counsel.  As a result, Martinez is barred from

pursuing this particular aspect of her claim.

Addressing the remainder of Martinez's claims, she has nonetheless failed

to meet her burden on either prong of the *Strickland* test.  She has failed to explain

why she never before brought to the Court's attention the "significant facts" or her

"severe medical condition" of which she must surely have been  aware at the time

she changed her plea nor how her new allegations undermine the accuracy of the

record in this case.  Despite having had ample opportunity to file an amended 28

U.S.C. § 2255  motion with the assistance of appointed counsel, Martinez has

completely neglected to provide any further substantiation for her claims that

Dewey failed to bring  "significant facts" or evidence of her "severe medical

condition" to the Court's attention let alone explain how these alleged failures

prejudiced the outcome of her case.

The uncontradicted record, consisting primarily of Martinez's own prior

sworn statements, establishes that neither Martinez nor Dewey withheld any

information from this Court about her mental condition or that Dewey forced or

coerced her into pleading guilty.  Martinez has failed to present any facts that put

the effectiveness of Dewey's representation into issue nor has she established that

she suffered any prejudice from Dewey's representation.  She has not established

any facts that would lead this Court to the conclusion that it would not have

accepted her guilty plea.  For these reasons, this Court should deny Martinez's

motion without an evidentiary hearing.

## VII.  EVIDENTIARY HEARING

Denial of a section 2255 motion without an evidentiary hearing is improper unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986);  *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir.1985). "We may affirm the district court if [defendant's] allegations, viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.' " *Marrow*, at 526  Judges may use their notes and recollection of prior proceedings to supplement the record, along with common sense. *Shaw, v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989); *Farrow v. United States*, 580 F.2d 1339, 1352-53 (9th  Cir.1978).

Mere conclusory statements in a 28 U.S.C. § 2255 motion are not enough to require an evidentiary hearing.  *United States v. Johnson*,  988 F.2d., 941, 945 (9th Cir.1993); *United States v Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1997)(defendant's statement alleging systemic exclusion of Black and Hispanic persons from jury pool deprived him of impartial jury mere conclusory and thus insufficient to demonstrate cause and prejudice.).   "Where a prisoner's motion

presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required." *United States v. Quan*, 789 F.2d 711, 715 (9th Cir 1986). To earn the right to an evidentiary hearing on a 28 U.S.C. § 2255 motion, the defendant is required to allege specific facts, that if true, would entitle her to relief. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996).

In her motion, Martinez presents nothing more that bald faced, unsubstantiated, conclusory allegations that Dewey rendered ineffective assistance of counsel. She has failed to submit any sworn facts that put in issue Dewey's performance. By failing to substantiate the "significant facts" or her "severe medical condition", Martinez has left the Court with nothing to consider or decide whether it has any merit. Nothing in the record of this case would support the inferences Martinez asks this Court to draw about Dewey's representation or its affect on her case. Thus, Martinez has failed to present a sufficient reason to hold an evidentiary hearing on her claims.

## IV. CONCLUSION

Even with the assistance of counsel advising her on her motion, Martinez has failed to present a supportable claim that Dewey rendered ineffective

assistance of counsel to her.  She has not presented any evidence that would

contradict the record of this case or the veracity of her prior sworn statements.

Therefore, an evidentiary hearing is not necessary for this Court to decide the

merits of Martinez's motion.  Because of these deficiencies in her original and

amended motions,  this Court should deny Martinez's motion in its entirety.

RESPECTFULLY SUBMITTED this day, August 4, 2006, in Anchorage,

Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2006,
a copy of the foregoing OPPOSITION TO
DEFENDANT'S MOTION FOR RELIEF
PURSUANT TO 28 U.S.C. § 2255 was served
electronically on Mark A. Rosenbaum.

s/ Stephan A. Collins

U S v. Martinez
3:04-cr-0079-RRB                          22